NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**SANOFI-AVENTIS DEUTSCHLAND GMBH,**
*Appellant*

**v.**

**MYLAN PHARMACEUTICALS, INC.,**
*Appellee*

**ANDREW HIRSHFELD, PERFORMING THE FUNCTIONS AND DUTIES OF THE UNDER SECRETARY OF COMMERCE FOR INTELLECTUAL PROPERTY AND DIRECTOR OF THE UNITED STATES PATENT AND TRADEMARK OFFICE,**
*Intervenor*

---

2020-2071

---

Appeal from the United States Patent and Trademark Office, Patent Trial and Appeal Board in No. IPR2018-01684.

---

Decided:  December 29, 2021

---

SARAH M. STERNLIEB, Weil, Gotshal & Manges LLP, New York, NY, argued for appellant.  Also represented by

2                              SANOFI-AVENTIS DEUTSCHLAND v.
                                 MYLAN PHARMACEUTICALS, INC.

ADAM BANKS, ANISH R. DESAI, ELIZABETH WEISWASSER; WILLIAM SUTTON ANSLEY, Washington, DC.

DOUGLAS H. CARSTEN, McDermott Will & Emery, Irvine, CA, argued for appellee. Also represented by ADAM WILLIAM BURROWBRIDGE, Washington, DC; WESLEY EUGENE DERRYBERRY, STEFFEN NATHANAEL JOHNSON, TASHA THOMAS, RICHARD TORCZON, Wilson, Sonsini, Goodrich & Rosati, PC, Washington, DC; ELHAM FIROUZI STEINER, San Diego, CA.

DANIEL KAZHDAN, Office of the Solicitor, United States Patent and Trademark Office, Alexandria, VA, for intervenor. Also represented by KAKOLI CAPRIHAN, MARY L. KELLY, THOMAS W. KRAUSE, BRIAN RACILLA, FARHEENA YASMEEN RASHEED.

_____

Before DYK, CLEVENGER, and TARANTO, *Circuit Judges*.

PER CURIAM.

U.S. Patent No. 9,604,008 (the '008 patent), owned by Sanofi-Aventis Deutschland GmbH (Sanofi), is directed to a "drive mechanism for use in a drug delivery device." '008 patent, col. 17, l. 28. In this *inter partes* review, the Patent Trial and Appeal Board (Board) held that claims 1, 7, 8, and 17 of the '008 patent were unpatentable as obvious over a combination of two prior art references—Møller (U.S. Patent Pub. No. 2002/0052578) and Steenfeldt-Jensen (U.S. Patent No. 6,235,004). Sanofi appeals. We *affirm*.

On appeal, Sanofi argues that the Board committed two errors. First, it argues that the Board erred in finding that there was a motivation to combine the two references. The Board found that Steenfeldt-Jensen provided benefits supporting the combination of Møller's dose-setting approach with Steenfeldt-Jensen's dose-dispensing approach,

that Mylan's expert testimony supported the benefits of the combination, and that Møller contemplated the combination. Sanofi argues that Møller disparages the Steenfeldt-Jensen dose-setting approach by specific reference to Steenfeldt-Jensen. Møller states, in reference to embodiments disclosed in a related Patent Cooperation Treaty (PCT) filing for Steenfeldt-Jensen (WO 99/38554):

> A similar gearing is provided in WO 99/38554 wherein the thread with the high pitch is cut in the outer surface of a dose setting drum and is engaged by a mating thread on the inner side of the cylindrical housing. However, by this kind of gearing relative large surfaces are sliding over each other so that most of the transformed force is lost due to friction between the sliding surfaces. Therefore a traditional gearing using mutual engaging gear wheels and racks is preferred.

Møller, ¶ [0008]. Even though the specific feature of Steenfeldt-Jensen referenced in Møller (large surfaces of the dose-setting drum threaded with the housing) is not part of the injection mechanism for the proposed combination, the Steenfeldt-Jensen approach involves some friction which Møller describes as undesirable. But substantial evidence supports the Board's finding that one skilled in the art would not be deterred by the possibility of some additional friction to make the combination since use of the Steenfeldt-Jensen approach, rather than the Møller approach, would reduce the number of parts while limiting overall force required. The Board did not err in finding a motivation to combine.

Second, Sanofi argues that the Board erred by finding the same prior art element was both the claimed "housing" and the "insert provided in the housing." '008 patent, col. 17, ll. 27–34. Sanofi explains in its opening brief, "an element may be a housing, or it may be an insert, but it cannot concurrently be both a housing and an insert 'in'

that housing." Appellant's Br. 43.  The claim language does not preclude an insert being part of the housing.  The specification also supports the Board's construction that claim 1 does not require "an insert that is separate from the housing." *Mylan Pharms. Inc. v. Sanofi-Aventis Deutschland GmbH*, IPR2018-01684, at 31 (P.T.A.B. May 29, 2020). The specification of the '008 patent explains that the "'housing' . . . shall preferably mean any exterior housing . . . or interior housing ('insert', 'inner body')," col. 2, l. 66–col. 3, l. 1, "the housing may be unitary or a multipart component," col. 3, ll. 9–10, and "the insert may be formed integrally with the main housing," col. 7, ll. 37–38.  These passages provide substantial support for the Board's construction.  The Board did not err in its claim construction.

**AFFIRMED**